# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SURETEC INSURANCE COMPANY,         ) | Case No. 2:16-cv-02821-JAD-CWH |
| Plaintiff,                         ) | |
| vs.                                ) | **ORDER** |
| COLE-WILSON, INC., et al.,         ) | |
| Defendants.                        ) | |

Presently before the court is Plaintiff Suretec Insurance Company's Motion for Enlargement of Time to Effect Service of Process (ECF No. 5), filed on March 2, 2017.

Plaintiff requests a thirty-day extension of time to serve Defendants Cole-Wilson, Inc., Dan E. Cole, John P. Wilson, and Michelle T. Wilson, arguing that it has attempted service multiple times at multiple different addresses, but that it has been unable to serve the defendants. In support of its motion, Plaintiff submits an affidavit by attorney David R. Johnson and supporting documentation detailing the service attempts. Plaintiff's current deadline for serving the Defendants was March 7, 2017, thus, Plaintiff requested to its extension of time to serve before the current deadline expired.

Rule 4(m) of the Federal Rules of Civil Procedure establishes the time for service on domestic defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The court must extend the 90-day time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 90 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)

(citing version of Rule 4(m) with 120-day deadline). If the serving party does not show good cause, the court has discretion to extend time for service, or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Here, Plaintiff has made numerous diligent efforts to serve Defendants and despite its efforts, it has been unable to serve Defendants. The court therefore finds that Plaintiff has demonstrated good cause to extend time to serve Defendants under Rule 4(m). The court grants Plaintiff an additional 30 days from the date of this order to serve Defendants, making the service deadline April 19, 2017.

IT IS THEREFORE ORDERED that Plaintiff Suretec Insurance Company's Motion for Enlargement of Time to Effect Service of Process (ECF No. 5) is GRANTED, making the service deadline April 19, 2017, for all defendants.

DATED: March 20, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**